IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

    Plaintiff,                          Case No. 2:12-cv-1605 JAM DAD PS

    v.

STATE OF MARYLAND,            FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff Amanda Ajuluchuku is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff, however, has submitted an incomplete in forma pauperis application. Moreover, even if plaintiff had submitted a complete in forma pauperis application that made the showing required by 28 U.S.C. § 1915(a)(1), a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine

whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

Plaintiff's first amended complaint alleges that on June 20, 2003, the defendant State of Maryland kidnaped plaintiff's 17-year old son. (Am. Compl. (Doc. No. 9) at 2.[1]) Plaintiff alleges that after he filed a police report, the police department located plaintiff's son, but refused to return him to plaintiff. (Id.) According to plaintiff, since June 20, 2003, defendant State of Maryland has "hauled" plaintiff's son "back and forth to jail," raped him and forced "him to have sex with men dressed as women." (Id.) In his complaint plaintiff seeks $40,000,000, presumably as damages. (Id. at 5.)

Although plaintiff's amended complaint is deficient in several respects, perhaps the most problematic is that the named defendant is the State of Maryland. In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by a party.

1  963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies

2  for all types of relief, absent unequivocal consent by the state.").  "The State of Maryland has not

3  waived its Eleventh Amendment immunity for section 1983 actions." Milligan v. Brady, No.

4  RWT-10-2107, 2011 WL 1833346, at *2 (D. Md. May 13, 2011).

5        The Eleventh Amendment also bars federal suits, whether seeking damages or

6  injunctive relief, against state officials where the state is the real party in interest. Pennhurst, 465

7  U.S. at 101-02.  "Eleventh Amendment immunity also shields state officials from official

8  capacity suits." Krainski, 616 F.3d at 967.

9        Thus, plaintiff's amended complaint fails to state a claim on which relief may be

10 granted.  The court has carefully considered whether plaintiff may amend her complaint to state a

11 claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

12 undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v.

13 Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm.

14 Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while

15 leave to amend shall be freely given, the court does not have to allow futile amendments).  In

16 light of the obvious deficiency noted above, the court finds that it would be futile to grant

17 plaintiff leave to amend.[2]

18       Accordingly, IT IS HEREBY RECOMMENDED that:

19       1. Plaintiff's June 15, 2012 application to proceed in forma pauperis (Doc. No. 3)

20 be denied;

21       2. Plaintiff's September 24, 2012 amended complaint (Doc. No. 9) be dismissed

22 without leave to amend; and

23       3. This action be closed.

---

[2] "Moreover, the court notes that this complaint appears to be one of several hundred frivolous complaints that plaintiff has filed all over the country." Ajuluchuku v. Apple, Inc., No. 2:12-cv-2494-GEB-EFB-PS, 2012 WL 5035944, at *3-4  (E.D. Cal. Oct. 17, 2012).

1       These findings and recommendations will be submitted to the United States
2 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within
3 fourteen (14) days after being served with these findings and recommendations, plaintiff may file
4 written objections with the court. A document containing objections should be titled "Objections
5 to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
6 objections within the specified time may, under certain circumstances, waive the right to appeal
7 the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8 DATED: November 1, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13 DAD:6
Ddad1\orders.pro se\ajuluchuku1605.ifp.den.f&rs